Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 06-CV-260-GFVT

DWAUNE J. GRAVLEY, SR.                                                    PLAINTIFF

VS:                          **MEMORANDUM OPINION AND ORDER**

LT. ADAMS, ET AL.                                                       DEFENDANTS

**** **** **** **** ****

Dwaune J. Gravley, Sr. ("Gravley") filed a prisoner *pro se* civil rights action under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) [Record No. 2]. His motion to proceed *in forma pauperis* [Record No. 5] has been addressed by separate Order.

The Court screens civil rights complaints pursuant to 28 U.S.C. §1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). As Gravley is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2).

## I.    Background

At approximately 9:00 a.m. on August 25, 2006, Gravley and his cell-mate in the Special Housing Unit approached the food tray area of their cell to receive breakfast from prison officers through a slot in the door.  When his cellmate emptied a container of liquid outside of the cell, the officers fired plastic bullets into the cell through the slot.  After the two inmates covered the slot with a mattress, the cell door was opened slightly by a remote mechanism, and the officers tossed flash grenades into the cell.  After the prisoners complied with orders to lay face-down in the cell, officers continued to shoot them in the back, face and head with the plastic bullets.  Gravley was handcuffed tightly and removed from the cell. After several hours handcuffed, Gravley was returned to his cell.  The cell had been emptied of its contents, and Gravley was forced to sleep on a mattress without sheets.  As a result of this incident, Gravley suffered bruises and/or cuts to his wrist, back, and left arm.  Gravley alleges that the defendants' conduct violated his right under the Eighth Amendment to be free from "cruel and unusual punishments" and his right to the due process of law under the Fourteenth Amendment, and he seeks $750,000 in damages.

In his complaint, Gravley indicates that he filed a grievance with the Warden, which was denied.  Gravley appealed that denial to the Bureau of Prisons' ("BOP") Regional Director, but the appeal remained pending as of the time the complaint was filed.

## II.    Discussion

42 U.S.C. §1997e(a) requires a prisoner challenging prison conditions pursuant to 42 U.S.C. §1983, *Bivens*, or other federal law to exhaust all available administrative remedies before filing suit in federal court.  *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999).  It is the prisoner who must demonstrate that

2

he has exhausted his administrative remedies. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). To do so, the prisoner must plead his claims, explain with specificity the steps undertaken to utilize available administrative remedies, and attach to the complaint copies of the agency's final decision addressing his grievance. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

Because Gravley had failed to provide the Court with documentation which demonstrated his exhaustion of available administrative remedies for each of his claims, on November 21, 2006, the Court entered a Deficiency Order [Record No. 4] directing him to complete a Form 118 to demonstrate his exhaustion of administrative remedies. The Deficiency Order directed the plaintiff to include copies of the administrative grievance forms used, and the BOP's responses thereto. More than 30 days have passed, and Gravley has not filed any response.

As previously noted, the prisoner-plaintiff bears the evidentiary burden of demonstrating that he has satisfied his obligation under the PLRA to exhaust his administrative remedies. Gravley alleges that as of the time he filed the complaint, his appeal to the Regional Director remained pending. Because he has failed to demonstrate exhaustion of his available administrative remedies, Gravley's complaint must be dismissed without prejudice in order to afford him the opportunity to remedy this defect in his complaint. *Jones Bey v. Johnson*, 407 F.3d 801, 806, 809 (6th Cir. 2005); accord *Kozohorsky v. Harmon*, 332 F.3d 1141 (8th Cir. 2003); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *Baxter v. Rose*, 305 F.3d 486, 488-89 (6th Cir. 2002) (because a prisoner may not later amend his complaint to cure the failure to plead and demonstrate the exhaustion of administrative remedies, the complaint must be dismissed without prejudice).

3

**III.**     **Conclusion**

The Court being sufficiently advised, it is **ORDERED** as follows:

(1)     Plaintiff's complaint is **DISMISSED**, without prejudice.

(2)     The Court certifies that any appeal would not be taken in good faith.  28

U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997);

*Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This the 4th day of January, 2007.


**Signed By:**

**_Gregory F. Van Tatenhove_**

**United States District Judge**

4